## ROBINSON v. RUSH.

No. 26105.   June 4, 1935.

O. F. Mason and Frank Nesbitt, for plaintiff in error.

Arthur G. Croninger, for defendant in error.

PHELPS, J.  This appeal deals with the question of attachment. The plaintiff, plaintiff in error here, owned a building in Miami, Okla., which he leased to the defendant for the purpose of operating therein a business for the repair and retail sale of automobiles. On December 3, 1934, plaintiff filed his petition in the district court, alleging that the defendant was indebted to him for rent.  He also caused an attachment to be issued and levied upon the property of the defendant contained in said building, on the grounds:

"(1) That the said defendant intends to remove, and has removed his property from the said leased premises within the last 30 days." and,

"(2) That said defendant has assigned, removed or disposed of his property, or a part thereof with intent to defraud, hinder or delay his creditors."

The defendant then filed his verified motion to dissolve the attachment, denying the truth of the allegations in plaintiff's attachment affidavit. Upon the hearing of this motion, evidence was taken, and the court sustained it, dissolving the attachment.  In appealing from the order overruling plaintiff's motion for new trial, on the issue of attachment, plaintiff urges that the order dissolving the attachment was contrary to the evidence and unsupported by law.

We omit from this opinion entirely any consideration of plaintiff's second ground of attachment, because of the total absence of evidence concerning removal of property with intent to defraud, etc.  We do consider the first ground of attachment, based upon the bare fact of removal, and it is apparent that the law in that connection is governed by section 10922, O. S. 1931, as follows:

"When any person who shall be liable to pay rent (whether the same be due or not, if it be due within one year thereafter, and whether the same be payable in money or other things) intends to remove, or is removing, or has, within 30 days, removed his property, or his crops, or any part thereof, from the leased premises, the person to whom the rent is owing may commence an action; and upon making an affidavit, stating the amount of rent for which such person is liable, and one or more of the above facts, and executing an undertaking as in other cases, an attachment shall issue in the same manner and with the like effect as is provided by law in other actions."

To determine whether the foregoing section entitled plaintiff to the attachment, and whether there was competent evidence rea-

sonably tending to sustain the judgment of the trial court, we look to the evidence:

During the 30 days preceding the filing of the action, there was undeniably a depletion in the stock contained in defendant's shop. At the beginning of that month there were 13 new cars and 10 used cars in the establishment. At the end of the month there were only five or six used cars there. But it is shown by the evidence that the new cars were all owned by the General Motors Acceptance Corporation, who had placed them in defendant's shop for sale on consignment, and it is admitted by plaintiff that "by said company the new cars were removed from the leased premises."

It is said in plaintiff's brief that "seven new cars and 25 used cars were sold and removed from the premises during the month of November, 1934, leaving only six new cars and five or six used cars on the premises at the time the attachment was levied." The plaintiff also points out that at the end of the month of November the defendant had no notes for the cars which had been sold nor any bills receivable therefor in his financial statement introduced in evidence.

Wholly of his own volition the defendant prepared and presented a financial statement covering his transactions, month by month. These were examined and considered by the trial court, including the transactions for the month of November, 1934. While the briefs do not thoroughly explain the absence of bills receivable, or cash, at the end of November, this fact is too consistent with the hypothesis that defendant was innocent of wholesale removing or secreting of his property for us to say that the trial court should necessarily have construed that fact as conclusive on the question. The defendant could have taken the money out of the business, or he could have sold the purchase notes for the cars which were sold, or the proceeds from the sale of those cars could have gone to pay debts.

We fail to see any evidence whatever indicating removal of property other than that removal which would be occasioned in the usual course of business. This was a question of fact, for the trial court. When the plaintiff leased the premises to defendant he expected the defendant to carry on a retail automobile business; he must have expected sales to be made and for the purchasers to "remove" the cars which they bought. There is no evidence that the defendant himself removed any of these cars.

Under the facts in this case it is obvious that the defendant was not guilty of the kind or form of removal which is contemplated in the statute. Where a landlord leases a building to a tenant for the purpose of conducting therein a retail establishment, he is presumed to consent to such removal of goods by purchasers as is normal in the usual course of business. But if the lessee should himself remove the goods to some other location, in such quantities and under such circumstances as would indicate a substantial and permanent change of the property's situs, there could be little doubt of the applicability of the statute, and the landlord would thereby be afforded a ground of attachment.

There is ample evidence to sustain the judgment, and the same is hereby affirmed.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.